

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| DAVID SARVGHAD, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 5:15-1103-MGL-KDW |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claim for Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claim for SSI be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).0

The Magistrate Judge filed the Report on March 29, 2016, Plaintiff filed his Objections on April 15, 2016, and Defendant filed her Response to Plaintiff's Objections on April 22, 2016. The

Court has reviewed Plaintiff's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for SSI on August 2, 2012, asserting that his disability commenced on June 1, 2005. His application was denied initially and upon reconsideration. Plaintiff requested a hearing, which the Administrate Law Judge (ALJ) conducted on April 30, 2014. On June 20, 2014, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Plaintiff then filed this suit in federal district court on March 8, 2015.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report. That is why it is so

important that Plaintiff directs her or his objections to the Report and not to the ALJ's decision.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

In bears noting that "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

Here, each of Plaintiff's three numbered objections are directed toward the ALJ's decision and not as they should be: to the Report. Instead, the Plaintiff has left the Court with the chore of teasing the objections out of Plaintiff's eleven-page submission. Having completed that task, the Court will now address each objection it has uncovered in turn.

First, Plaintiff contends that the Magistrate Judge failed to "say a word that successfully contradicted" his argument that the ALJ found "that [Plaintiff's] father testified to facts indicating that his son can work, when he in fact testified that his son cannot work, [and therefore the case] must . . . be remanded for reexamination of that testimony" Objections 1. The record before the Court belies Plaintiff's argument.

The Magistrate Judge noted that

> [w]hen asked why Plaintiff cannot work [Plaintiff's father] testified that Plaintiff has mental issues and he did not believe Plaintiff could handle a job. Tr. 83. He testified that Plaintiff has "a hard time dealing with people. And a lot of people around him, and noise, and hearing voices, and he's having really issues with them." *Id.* [Plaintiff's father] testified that he did not believe Plaintiff would be able to work in a quiet room by himself doing a simple, routine job

3

> because Plaintiff "would have a hard time understanding what he had to do." Tr. 84. He stated that would be true with or without medication but without medication "it would be a whole lot worse, a lot worse." *Id.*

Report 4-5.

Plaintiff's argument essentially is that, because Plaintiff's father said that Plaintiff could not work, but the ALJ held that he could, then the ALJ failed to consider Plaintiff father's testimony. Plaintiff is mistaken.

From the record before the Court, it is evident that the ALJ considered Plaintiff's father's testimony, but afforded no weight to his conclusion that Plaintiff could not work. And besides, it is the job, not of Plaintiff's father, not of Plaintiff's doctor, and not even of this Court to weigh the evidence and make credibility decisions. That job is reserved solely for the ALJ.

Perhaps the ALJ could have better explained his decision. But, a better explanation would be an insufficient basis for this Court to hold that the Magistrate Judge erred in suggesting that the ALJ did not ignore Plaintiff's father's testimony. Substantial evidence in the record supports the Court's holding. Consequently, the Court overrules this objection.

Second, Plaintiff avers that the Magistrate Judge erred in recommending that "the ALJ 'reasonably found, as part of his analysis of Plaintiff's credibility, that Plaintiff's allegations were less credible, in part, because Plaintiff was occasionally non-compliant with medications.'" Objections 5 (quoting Report 12). The Court is unable to agree with this conclusion.

In the ALJ's decision, he states that Plaintiff's "credibility is severely compromised when he continues to compromise his treatment plans." Tr. 49. And Plaintiff "agree[s] that under SSR 96-7p noncompliance is a factor to be considered when determining credibility[.]" Objections 7. Plaintiff complains, however that "the ALJ's decision clearly demonstrates an implicit reliance on non-compliance" in denying Plaintiff's claim of disability. The Court has read and reread the ALJ's decision, Tr. 41-52, but is unable to agree. Contrary to Plaintiff's allegation otherwise, the record

4

before the Court fails to support his contention that the ALJ held that Plaintiff was not disabled based on his failure to take his medications as directed by his health care providers. Thus, the Court will overrule this objection, as well.

Third, Plaintiff asserts that the Magistrate Judge was "mistaken" in stating that "the ALJ properly set out his duty to assess the credibility of a claimant's statements concerning symptoms." Objections 9 (quoting Report 16) (internal quotation marks omitted). The Court cannot yield to the force of this reasoning.

Plaintiff is correct in noting that "a case must be remanded if the reviewing court is 'left to guess about how the ALJ arrived at his conclusions.'" Objections 11 (quoting *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015). But, that is not what the Court is faced with here. The Court is not "left to guess about how the ALJ arrived at his conclusions." Perhaps the ALJ could have more fully explained his decision. But, the Court is able to follow the reasoning of the ALJ. And, even if the ALJ were to have written more, it would not change the fact that there is substantial evidence in the record as a whole to support the ALJ's decision.

There may be evidence in the record to support a finding of disability. But, there is certainly evidence in the record to support he is not. As the Court noted above, "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke*, 843 F.2d at 272-73. Consequently, the Court will overrule this objection, too.

In sum, viewing the record as a whole, the Court holds that there is substantial evidence to support the ALJ's determination that Plaintiff is not disabled. That determination is reasonable and the ALJ's decision is free from reversible legal error. Although Plaintiff asks that the Court remand this case for further explanation and/or reconsideration, such a remand would be an exercise in

5

futility inasmuch as there is overwhelming substantial evidence in the record to support the ALJ's decision.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 29th day of April, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE